UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

JOHN DOE a/k/a "HECTOR PARTIDA".

Defendant.

Criminal Case No. 23-10105-IT

## JOINT INITIAL STATUS REPORT

Pursuant to Local Rule 116.5(a), the Government and Defendant John Doe submit the following joint status report in advance of the initial status conference that is currently scheduled for June 2, 2023.

1. **Status of the Case**

It is premature to determine whether there might be a non-trial or trial disposition of this case.

2. **Automatic Discovery and Pending Discovery Requests**

The government produced automatic discovery in this case on May 12, 2023, together with an index of those materials. The defense is currently reviewing this discovery.

3. **Additional Discovery**

At the defendant's request, the government has also produced additional witness statements. These were provided on May 24, 25, and 31, 2023.

4. **Timing of Additional Discovery Requests**

In light of the defense's ongoing review of discovery produced by the government to date and additional materials that may be forthcoming, the parties ask to hold in abeyance the deadlines associated with the discovery motion provisions of Local Rule 116.3.

**5. Protective Orders**

The Court has not entered a protective order in this case.

**6. Pretrial Motions**

The parties request that the Court postpone setting a schedule for filing of pretrial motions under Fed. R. Crim. P. 12(b) until the defense has had an opportunity to review all discovery produced by the government.

**7. Expert Discovery**

The parties agree that the government's expert disclosures, if any, will be due 45 days before trial and defendant's expert disclosures, if any, will be due 30 days before trial.

**8. Speedy Trial Act**

The time from the defendant's initial appearance on April 24, 2023 to the scheduled initial status conference has been excluded from the Speedy Trial Act. *See* Dkt. No. 16. The parties request that the time from the initial status conference on June 2, 2023 to the time of the next status conference be excluded under 18 U.S.C. § 3161(h)(7)(A) to permit the defense time to review discovery.

**9. Interim Status Conference**

The parties request that an interim status conference be scheduled in approximately 45 days (on or about July 14, 2023) or at a time thereafter convenient for the Court.

**10. Maximum Penalties**

At the defendant's initial appearance on April 24, 2023, the government stated the incorrect maximum fines for the charged offenses. The government stated that the maximum fines for violations of 26 U.S.C. §§ 7201 and 7203 were $100,000 and $25,000, respectively. The correct maximum fines are $250,000 and $100,000, respectively, or twice the gross

pecuniary gain. *See* 18 U.S.C. § 3571(b), (d), and (e). The defendant's attorney will discuss the correct maximum penalties with the defendant to ensure he understands them.

|  |  |
|---|---|
| Respectfully Submitted, | |
| JOSHUA S. LEVY<br>Acting United States Attorney | JOHN DOE,<br>By his attorney, |
| */s/ Ezra Spiro*<br>Ezra Spiro<br>Trial Attorney<br>150 M St. NE<br>Washington, D.C. 20002<br>(202) 718-7308<br>Ezra.K.Spiro@usdoj.gov | */s/ Henry Fasoldt*<br>C. Henry Fasoldt, Esq.<br>185 Devonshire Street<br>Suite 302<br>Boston, MA  02110<br>Telephone: (617) 338-0009<br>henry@bostondefenselaw.com |

Dated:  May 30, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF on counsel for all parties on May 31, 2023.

*/s/ Ezra Spiro*
Ezra Spiro