

**U.S. Department of Justice**
**Tax Division**
*Northern Criminal Enforcement Section*
*150 M St. NE*
*Washington D.C. 20002*

August 28, 2023

C. Henry Fasoldt, Esq.
185 Devonshire Street, Suite 302
Boston, MA 02210

     Re:   <u>United States v. John Doe a/k/a</u> ████
              Criminal No. 1:23-CR-10105

Dear Mr. Fasoldt:

The Department of Justice Tax Division (the "Government") and your client, John Doe ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    <u>Change of Plea</u>

Defendant will plead guilty to count 6 of the Indictment: tax evasion, in violation of 26 U.S.C. § 7201. Defendant admits that Defendant committed the crime specified in this count and is in fact guilty.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for five years; supervised release for three years; a fine of $250,000, a mandatory special assessment of $100; and restitution to the Internal Revenue Service.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

    3.    <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 15:

        a)  Defendant's base offense level is 18 because the calculated tax loss, including relevant conduct, is more than $250,000 and less than $550,000 (USSG §§ 2T1.1(a)(1); 2T4.1(G));

1

    b) Defendant's offense level is decreased by 3 because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant reserves the right to argue for a further adjustment under USSG § 4C1.1, should it be applicable at the time of sentencing.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the Government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the Government reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the Government's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.    <u>Sentence Recommendation</u>

The Government agrees to recommend the following sentence to the Court:

    a) incarceration within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

    b) a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution to the Internal Revenue Service in the total amount of $520,415.

Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of

$520,415, pursuant to 18 U.S.C. § 3663(a)(3). Defendant agrees that the total amount of restitution reflected in this agreement results from the Defendant's fraudulent conduct.

The total amount of restitution consists of the following:

| Tax Year | Amount |
|----------|--------|
| 2012 | $63,463 |
| 2013 | $21,137 |
| 2014 | $56,191 |
| 2015 | $77,704 |
| 2016 | $72,152 |
| 2017 | $69,076 |
| 2018 | $39,317 |
| 2019 | $44,513 |
| 2020 | $38,953 |
| 2021 | $37,909 |
| **Total** | **$520,415** |

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office.

5.     Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a)  Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

3

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The Government agrees that, regardless of how the Court calculates Defendant's sentence, the Government will not appeal any sentence of imprisonment of 18 months or more.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the Government is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7.    <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the Government the right to be released from the Government's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the Government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring

4

before the date of this Agreement.

8.     <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant, the Department of Justice Tax Division. It does not bind any other federal, state, or local prosecuting authorities.

9.     <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*      *      *

If this letter accurately reflects the agreement between the Government and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.   Please also sign below as Witness.  Return the original of this letter to Trial Attorney Ezra Spiro.

Sincerely,

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

By:

JOHN N. KANE
Assistant Chief
EZRA SPIRO
Trial Attorney
Tax Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the Department of Justice Tax Division. There are no unwritten agreements between me and the Department of Justice Tax Division, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea.  I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense(s).  I believe this Agreement is in my best interest.

_JoHW Doe_____

JOHN DOE a/k/a ▮▮▮▮▮▮
Defendant

Date: _August 29, 2023_

I certify that JOHN DOE a/k/a ▮▮▮▮▮▮ has had this Plea Agreement read to Defendant in Defendant's native language and that we have discussed what it means. I believe JOHN DOE understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the Government has not extended any other offers regarding a change of plea in this case.

_Heny Fasoldt_____

C. Henry Fasoldt, Esq.
Attorney for Defendant

Date: _August 29, 2023_

7